THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CR-114(01) RM |
| | ) | |
| TOM PATRICK HAYDEN, JR. | ) | |

## OPINION AND ORDER

On November 3, 2008, Tom Patrick Hayden, Jr. filed a motion with the court seeking to vacate, set aside, or correct his sentence. Mr. Hayden asks the court for relief of judgment due to ineffective assistance of counsel. For the following reasons, the court denies Mr. Hayden's motion.

An examination of Mr. Hayden's plea agreement reveals that he waived his right to appeal and contest his sentence in a post-conviction proceeding. Mr. Hayden's plea agreement, signed by Mr. Hayden, his attorney Robert Truitt, and Assistant United States Attorney Donald Schmid, contains the following language:

> 11 . . . The defendant understands that the offense to which he is pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. The defendant is aware that his sentence will be determined in accordance with the statutory maximum, the United States Sentencing Guidelines, and this plea agreement. The defendant agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense(s) as set forth in this plea agreement. With that understanding, the defendant expressly waives his right to appeal his conviction, his sentence, and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. The defendant also agrees not to contest his conviction, his sentence, any restitution order imposed, or the manner in which my conviction, the sentence or restitution order was determined or imposed on any ground including alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any kind of post-conviction

proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

The waiver in a plea agreement of a right to appeal is enforceable, *see* United States v. Woolley, 123 F.3d 627, 631-632 (7th Cir. 1997); United States v. Feichtinger, 105 F.3d 1188, 1190 (7th Cir. 1997), and a waiver of post-conviction relief under 28 U.S.C. § 2255 is enforceable within limits. *See* Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999) ("[W]aivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."); Pratt v. United States, 22 F. Supp. 2d 868, 870 (C.D. Ill. 1998) (holding that an informed and voluntary waiver is generally effective to bar a subsequent § 2255 motion except where "ineffective assistance of counsel negated the knowing or voluntary nature of the waiver itself, the waiver was a product of coercion, or the trial court relied on some constitutionally impermissible factor, e.g., race, in imposing sentence. Under narrow circumstances such as these, the dictates of justice would require that the defendant be allowed to avoid his waiver and pursue collateral relief as if the waiver did not exist.").

Mr. Hayden makes no claim in his petition to vacate that his waiver of his right to file a petition was anything but informed and voluntary, nor does he allege that the waiver was a product of coercion. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). Mr. Hayden waived his right to attack his sentence on any grounds, including the ineffective assistance of counsel, as asserted in his

petition. Accordingly, the court DENIES Mr. Hayden's petition to vacate. [Doc. No. 32).

SO ORDERED.

ENTERED: November 5, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court